**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

ALICE K.,

                Plaintiff,

    v.                                           3:21-CV-1147
                                                                   (DJS)

KILOLO KIJAKAZI,
*Acting Commissioner of Social Security*,

                Defendant.
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>Attorney for Plaintiff<br>6000 North Bailey Avenue<br>Suite 1A<br>Amherst, New York 14226 | JUSTIN GOLDSTEIN, ESQ.<br>KENNETH HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL<br>Attorney for Defendant<br>6401 Security Boulevard<br>Baltimore, Maryland 21235 | HUGH DUN RAPPAPORT, ESQ. |

**DANIEL J. STEWART**
**United States Magistrate Judge**

## MEMORANDUM-DECISION AND ORDER[1]

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g), seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled for

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  *See* Dkt. No. 5 & General Order 18.

purposes of disability insurance benefits. Dkt. No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 15 & 21. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted and Defendant's Motion is denied. The Commissioner's decision is remanded for further proceedings.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1971. Dkt. No. 11, Admin. Tr. ("Tr."), p. 66. Plaintiff reported that she completed eighth grade. Tr. at p. 35. She has minimal past work experience as a cleaner and babysitter. Tr. at pp. 75-76. Plaintiff alleges disability due to scoliosis, post-traumatic stress disorder, and high blood pressure. Tr. at pp. 66-67.

### B. Procedural History

Plaintiff applied for disability and disability insurance benefits, as well as supplemental security income on June 18, 2020. Tr. at pp. 15 & 130-131. She alleged a disability onset date of June 18, 2020. Tr. at p. 66. Plaintiff's application was initially denied on August 19, 2020, and upon reconsideration on December 2, 2020, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 138-147, 150-165, & 166-167. Plaintiff appeared and testified at a hearing before ALJ Jennifer Smith on March 16, 2021. Tr. at pp. 31-60. A vocational expert also testified at the hearing. *Id.* On March 30, 2021, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 15-26. On September

10, 2021, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-5.

### C. The ALJ's Decision

In her decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2021, and had not engaged in substantial gainful activity since June 18, 2020, the alleged disability onset date. Tr. at p. 17. Second, the ALJ found that Plaintiff had the following severe impairments: obesity, lumbar dysfunction, asthma, anxiety disorder, depressive disorder, posttraumatic stress disorder, and substance abuse disorder. Tr. at p. 18. Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). *Id.* Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c) except:

> the claimant should have no more than occasional concentrated exposure to respiratory irritants such as dust, odors, fumes and gases, and extreme hot and cold temperatures and humidity; should not climb ladders, ropes, and scaffolds; and can frequently kneel, crouch, crawl, climb ramps and stairs, and stoop. The claimant should work at simple, routine and repetitive tasks. She should work in a low stress job defined as occasional decision-making, occasional judgment required and occasional changes in the work setting. The claimant should work at goal oriented work rather than production pace rate work. She should have occasional contact with coworkers and supervisors and no public contact.

Tr. at p. 20.

Fifth, the ALJ found that Plaintiff had no past relevant work. Tr. at p. 24. The ALJ found that Plaintiff had a limited education, but that considering her age, experience, and residual functional capacity, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. Tr. at pp. 24-25. The ALJ, therefore, concluded that Plaintiff is not disabled. Tr. at p. 25.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court has recognized the validity of this sequential evaluation process.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff's Memorandum of Law presents three issues for the Court's review. Plaintiff first claims that the ALJ improperly evaluated the medical opinions in the record. Dkt. No. 15, Pl.'s Mem. of Law at pp. 9-18. Second, Plaintiff claims that the ALJ failed to properly develop the record. *Id.* at pp. 18-20. Finally, Plaintiff alleges that the ALJ failed to properly explain how the evidence supported the RFC finding. *Id.* at pp. 20-25. In response, Defendant asserts that the ALJ properly evaluated the medical

opinions of record and that the analysis and ultimate decision were both supported by substantial evidence. *See generally* Dkt. No. 21, Def.'s Mem. of Law at pp. 3-25.

Upon consideration of the record and the arguments of the parties, the Court concludes that remand is warranted.

As the ALJ found, Plaintiff suffers from a substance abuse problem. Tr. at p. 18. Plaintiff testified, though somewhat inconsistently, about regular treatment sessions at the Addiction Center of Broome County ("ACBC"). Tr. at pp. 40-43. While the Administrative Transcript contains some records from ACBC, they largely consist of intake documents and treatment plan reviews. Tr. at pp. 377-414 & 474-494. There are no individual treatment notes from particular counseling sessions in the administrative record. *See* Pl.'s Mem. of Law at p. 19.

"It is well settled that an ALJ has an affirmative duty to develop the record." *Stratton v. Colvin*, 51 F. Supp. 3d 212, 217 (N.D.N.Y. 2014) (citing *Echevarria v. Sec'y of Health & Human Servs.*, 685 F.2d 751, 755 (2d Cir. 1982)). In this regard, the applicable regulations indicate that the Social Security Administration will obtain additional information when insufficient information to make a disability determination is available. *See, e.g.*, 20 C.F.R. § 404.1520b. This does not impose "a limitless duty to develop the record on Plaintiff's behalf," *Rodda v. Colvin*, 2013 WL 6839576, at *5 (N.D.N.Y. Dec. 27, 2013), and "where there are no 'obvious gaps' in the record, the ALJ is not required to seek additional information." *Gillard v. Colvin*, 2013 WL 954909,

at *2 (N.D.N.Y. Mar. 12, 2013) (citing *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999)).

Plaintiff maintains that the record was not fully developed because the ACBC treatment records were not part of the record. Pl.'s Mem. of Law at p. 18. Defendant properly points out that Plaintiff's representative[2] at the administrative hearing told the ALJ that "[t]he record is complete." Tr. at p. 60. Courts have recognized that an ALJ is entitled to rely on such a representation. *See Gilbert H. v. Saul*, 2020 WL 6146596, at *5 (N.D.N.Y. Oct. 20, 2020) (citing cases). Here, however, the ALJ cited and relied broadly on the "medical record" and "treatment records" from ACBC as a basis for finding several medical opinions in the record unpersuasive. Tr. at pp. 23-24. Given the absence of a complete record, doing so on these facts, requires remand.

First, this is a case where there is a clear gap in the record. The ALJ specifically recognized that fact. During the hearing she questioned Plaintiff's representative about the lack of records asking, "do I have all these notes?" and stated "there aren't a whole lot of records." Tr. at p. 40. "To the extent that the record is unclear or incomplete, the Commissioner has an affirmative duty to fill any clear gaps in the administrative record." *Lori H. v. Kijakazi*, 2022 WL 675702, at *5 (N.D.N.Y. Mar. 7, 2022). This is true even despite the representation that the record was complete because "in the face of clear gaps in information, the ALJ has an independent duty to develop the record even

---

[2] The representative was not an attorney.

where a claimant is represented." *Concepcion v. Colvin*, 2014 WL 1284900, at *14 n.9 (S.D.N.Y. Mar. 31, 2014). The ALJ should, therefore, have sought to obtain additional records from ACBC.

Second, the absence of such records raises questions about the evaluation of several medical opinions in the record.

Dr. Mary Ann Moore provided a consultative examination of Plaintiff. Tr. at pp. 361-366. The ALJ found Dr. Moore's opinion not persuasive for several reasons. Tr. at p. 23. The ALJ appears to have discounted Dr. Moore's assessment in part because of the ALJ's view that Plaintiff "gave Dr. Moore an inaccurate history with respect to her drug use and her involvement with ACBC." *Id.* The ALJ does not explain in what way she found the history inaccurate. Nor is it clear to the Court how she could have made an assessment about Plaintiff's "involvement with ACBC" without the treatment notes that would have detailed Plaintiff's specific treatment. Substance abuse treatment notes provide information "about the nature, type, and extent of substance abuse treatment being provided, as well as Plaintiff[']s participation or engagement in such treatment." *Medori v. Colvin*, 2015 WL 417669, at *12 (W.D.N.Y. Jan. 30, 2015) (noting ALJ did not err in *refusing to* consider only intake information when treatment notes were not a part of the record). An ALJ must explain his or her conclusions "in a manner to enable this Court to undertake its obligation for meaningful review." *Nicole F. v. Saul*, 2019 WL 4736216, at *5 (N.D.N.Y. Sept. 27, 2019). Here, the lack of a complete record about Plaintiff's treatment at ACBC and the ALJ's conclusory finding

that Plaintiff's statements to Dr. Moore were inconsistent with that treatment preclude meaningful review.

Roseanne Wilcox was a substance abuse counselor at Addiction Center of Broome County. Tr. at p. 495. The ALJ found Ms. Wilcox's opinion "not persuasive" in part because "it was not supported by her treatment records." Tr. at p. 24. As noted, however, Wilcox's actual treatment notes from sessions with Plaintiff were not a part of the record. Given that records from those sessions were not before the ALJ, her apparent reliance on them also requires remand. The ALJ, for example, discounted Wilcox's opinion because her treatment records "documented few, if any, positive clinical findings." Tr. at p. 24. The ALJ also discounted Wilcox's views about Plaintiff's likely absenteeism as "speculative" based on other testimony in the record. *Id.* Given the absence of individual treatment notes, however, this may be a case where the ALJ improperly substituted her view of the record for that of a treating provider. *See Gilbert v. Apfel*, 70 F. Supp. 2d 285, 290 (W.D.N.Y. 1999). At the very least, it appears that the ALJ herself was speculating about what may or may not have been in other records. *See Laureano v. Comm'r of Soc. Sec.*, 2018 WL 4629125, at *14 (S.D.N.Y. Sept. 26, 2018) (cautioning against speculation on the part of the ALJ); *Marizan ex rel. A.O. v. Colvin*, 2014 WL 3905911, at *12 (S.D.N.Y. Aug. 11, 2014) ("speculation alone cannot support the ALJ's conclusion."). As noted, the actual treatment records may well have been the best evidence "about the nature, type, and extent of substance abuse treatment being provided." *Medori v. Colvin*, 2015 WL 417669, at *12. Without them, the decision to

discount opinions related to Plaintiff's substance abuse based on inconsistencies in the treatment records was not supported by substantial evidence.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **REMANDED pursuant to sentence four** for further proceedings; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: January 30, 2023
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge